UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
DEBRA L. VANDERPYLE,

                Plaintiff,      COMPLAINT

   -against-

WURTSBORO G-MART, INC. and
CARL FLOOR,

              Defendants.   '06 CIV 0 0 6 2 9
----------------------------------------------------------------------x

## INTRODUCTION

1.    Plaintiff Debra L. Vanderpyle (hereinafter "Vanderpyle") by and through her attorneys, Jacobowitz & Gubits, LLP, complaining of defendants herein, alleges violations of her civil rights pursuant to 42 USC §1983, violation of her rights under Title VII of the Civil Rights Act of 1964, violations of New York State Executive Law §296 and violations of New York State Tort Law.

## PARTIES

2.    Vanderpyle is an individual with an address at 2 Fenichel Road, Cold Spring, New York, 19516, in the County of Putnam, State of New York which address is within this Judicial District.

3.    Upon information and belief, Defendant Wurtsboro G-Mart, Inc. (hereinafter "G-Mart") is a corporation organized and existing under the laws of the State of New York with an address and principal place of business at 2930 State Route 209, P.O. Box 1176, Wurtsboro, New York, 12790 in the County of Sullivan, State of New York which address is within this Judicial District. At all times relevant hereto, G-Mart employed more than fifteen (15) employees.

4.    Upon information and belief, Defendant Carl Floor (hereinafter "Floor") is an individual with an address at 75 Rustic Hills Road, Westbrookville, New York, 12785 in the County of Sullivan, State of New York which address is within this Judicial District.

5. Upon information and belief, Floor, at all times relevant hereto, was the manager of the deli and meat departments at G-Mart and was Vanderpyle's immediate supervisor.

6. On or about September 17, 2004, Vanderpyle filed an administrative charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") claiming sex discrimination and retaliation.

7. The EEOC issued a Notice of Right to Sue on October 27, 2005 authorizing Vanderpyle to bring suit in this Court.

8. Having received the EEOC Notice on October 31, 2005, Vanderpyle timely brings her Title VII claims within ninety (90) days of her receipt of said Notice.

9. As Vanderpyle's State law claims arise from the same nucleus of operative facts as her Federal claim this Court has jurisdiction over them pursuant to 28 USC §1367.

## FACTS

10. Vanderpyle is a 29 year old single white female.

11. Stasiuk began working at G-Mart in or about the last week of June, 2003.

12. Prior to being offered employment at G-Mart, Vanderpyle was interviewed by Floor.

13. At the interview, Floor told Vanderpyle that he "needed pretty faces" and that she was "really beautiful".

14. Vanderpyle started working at G-Mart in the deli department.

15. Floor subsequently told Vanderpyle he needed "eye candy" in the meat department and moved her to that department.

16. Vanderpyle received no training at G-Mart.

17. Vanderpyle had no formal orientation at G-Mart nor was she given or made aware of any G-Mart employee handbook or policy manuals.

18. During Vanderpyle's first week of work at G-Mart, Floor told her "Your ass looks really good in your pants".

19. During Vanderpyle's second week of work at G-Mart, Floor asked her about the

pants she wore the first week.

20. Floor told Vanderpyle he liked her in those pants and asked her to wear them again.

21. Floor made similar comments about Vanderpyle's "ass" for the next two or three weeks.

22. During Vanderpyle's third or fourth week at G-Mart, Floor told her that he "wasn't having sex with his wife" and that he "had a girlfriend".

23. Floor then asked Vanderpyle if he could take her to dinner.

24. Beginning in or about the fourth or fifth week that Vanderpyle worked at G-Mart, Floor started coming up behind her and putting his arms around her.

25. This behavior by Floor occurred at least once or twice a week for a period of two to three months.

26. Floor was responsible for Vanderpyle's work schedule. Floor told Vanderpyle he didn't want her working when he was off and always scheduled Vanderpyle for the same days on and off as Floor.

27. In late August of 2003, a price sticker for $0.69 ended up on Vanderpyle's arm.

28. Floor noticed the sticker when he walked by and said to Vanderpyle "77 is better".

29. Floor then asked Vanderpyle if she "knew what 77 was".

30. Vanderpyle replied that she did not and Floor leaned over to her and whispered in her ear that "you get eaten more".

31. Ten minutes later, Floor came back and asked Vanderpyle if she wanted to "find out what 77 was" and that he "was really good at it".

32. Floor later told Vanderpyle to "put in an order for 77" so he could do it to her.

33. Floor bothered Vanderpyle for the next few weeks about the status of his "order".

34. In or about September, 2003, Floor told Vanderpyle "your face is beautiful so your pussy must be beautiful and well groomed".

35. Floor told Vanderpyle he "was serious" and her "pussy must be beautiful" and

could he "see it".

36. In or about October, 2003, Vanderpyle got her tongue pierced.

37. Floor learned of Vanderpyle's tongue piercing and wanted to know "what a blow job would feel like".

38. Floor made mention of Vanderpyle's tongue piercing frequently and was sure she "would give a good blow job".

39. Also in or about October, 2003, Vanderpyle went to Floor at his desk to ask a question and Floor was on his computer looking at pornography.

40. Floor continued to click through pages of pornography while Vanderpyle was asking him a question.

41. In or about mid-November, Vanderpyle asked Floor about different cuts of meat and Floor showed her where they would be on a cow by touching her leg.

42. At about this time, Floor asked Vanderpyle out to dinner again.

43. Vanderpyle told Floor that he was her boss and that she wouldn't go out with him.

44. Floor then told Vanderpyle that if being her boss was a problem, he "could fix that".

45. In early December, 2003, Floor again demonstrated to Vanderpyle the various cuts of meat but this time he used her whole body.

46. Floor put his arms across Vanderpyle's chest, thighs, and inner thighs.

47. After this incident, Vanderpyle wrote a letter to a friend who worked in the bakery department at G-Mart describing her humiliation at the hands of Floor.

48. Vanderpyle's friend's former girlfriend got a copy of the letter and gave it to Floor.

49. The next day Floor showed the letter to other employees of G-Mart and told them he was going to fire Vanderpyle.

50. Floor gave Vanderpyle more than the usual amount of work and told her he was letting her go and that she had until the end of the month to get another job.

51. Vanderpyle complained to the owner of G-Mart and explained what had happened.

52. The owner of G-Mart told Vanderpyle she would look into the situation.

53. Vanderpyle never heard from the owner of G-Mart and her last day of work was December 22, 2003.

## AS AND FOR A FIRST CAUSE OF ACTION

56. Plaintiff repeats and realleges everything contained in paragraphs "1" through "53" with the same force and effect as though set forth in full at this point.

57. By virtue of the pervasive hostile work environment created and fostered by G-Mart, it violated the Equal Protection Clause of the 14th Amendment as made actionable by and through 42 USC §1983.

## AS AND FOR A SECOND CAUSE OF ACTION

58. Plaintiff repeats and realleges everything contained in paragraphs "1" through "57" with the same force and effect as though set forth in full at this point.

59. By virtue of the pervasive hostile work environment created and fostered by Floor, he violated the Equal Protection Clause of the 14th Amendment as made actionable by and through 42 USC §1983.

## AS AND FOR A THIRD CAUSE OF ACTION

60. Plaintiff repeats and realleges everything contained in paragraphs "1" through "59" with the same force and effect as though set forth in full at this point.

61. By virtue of the pervasive hostile work environment at G-Mart fostered by a policy and practice of sexual harassment, G-Mart has violated Title VII of the Civil Rights Act of 1964 (42 USC §2000e et seq.)

## AS AND FOR A FOURTH CAUSE OF ACTION

64. Plaintiff repeats and realleges everything contained in paragraphs "1" through "63" with the same force and effect as though set forth in full at this point.

65. By virtue of the pervasive hostile work environment fostered by a policy and practice of sexual harassment, Floor has violated Title VII of the Civil Rights Act of 1964 ( 42 USC §2000e et seq.)

## AS AND FOR A FIFTH CAUSE OF ACTION

66. Plaintiff repeats and realleges everything contained in paragraphs "1" through "65" with the same force and effect as though set forth in full at this point.

67. Floor has violated Stasiuk's common-law right to be free from assault, battery and intentional infliction of emotion distress.

## AS AND FOR A SIXTH CAUSE OF ACTION

68. Plaintiff repeats and realleges everything contained in paragraphs "1" through "67" with the same force and effect as though set forth in full at this point.

69. G-Mart has violated New York State Executive Law §296.

## AS AND FOR A SEVENTH CAUSE OF ACTION

70. Plaintiff repeats and realleges everything contained in paragraphs "1" through "69" with the same force and effect as though set forth in full at this point.

71. Floor has violated New York State Executive Law §296.

WHEREFORE, Plaintiff Debra L. Vanderpyle respectfully requests this Court

a) accept jurisdiction over this matter;

b) empanel a jury to fairly hear and decide this case;

c) award Plaintiff Debra L. Vanderpyle compensatory damages on each of her causes of action;

d) award Plaintiff Debra L. Vanderpyle punitive damages on each of her causes of action;

e) award Plaintiff Debra L. Vanderpyle reasonable attorney fees and costs pursuant to 42 USC §1983 and 42 USC §1988, and

f) award Plaintiff Debra L. Vanderpyle such other and further relief as this Court deems just and proper.

Dated: January 23, 2006
Walden, New York

Yours, etc.,

MARK T. STARKMAN, ESQ. (MS0866)
Jacobowitz & Gubits, LLP
Attorneys for Plaintiff
158 Orange Avenue
P.O. Box 367
Walden, New York 12586
(845) 778-2121

TO:     WURTSBORO G-MART, INC.
          Defendant
          2930 State Route 209
          P.O. Box 1176
          Wurtsboro, New York 12790

          CARL FLOOR, Defendant
          75 Rustic Hills Road
          Westbrookville, New York 12785

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: Walden, New York
       January 23, 2006

                    Respectfully submitted,

                    _____
                    MARK T. STARKMAN, ESQ. (MS0866)
                    Jacobowitz & Gubits, LLP
                    Attorneys for Plaintiff
                    158 Orange Ave.
                    P.O. Box 367
                    Walden, New York 12586
                    (845) 778-2121